# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

AWILDA GOMEZ,                                        Case No.
                        PLAINTIFF,

        -against-                                    **COMPLAINT**

                                                     JURY TRIAL
                                                     DEMANDED

VILLAGE OF SLEEPY HOLLOW, DETECTIVE
JOSE QUINOY in his individual and official
capacity, POLICE OFFICER ELDRYK EBEL
in his individual and official capacity,
POLICE OFFICER MIKE GASKER in his individual
and official capacity, LIEUTENANT BARRY
CAMPBELL in his individual and official
capacity, LIEUTENANT GABRIEL HAYES in his
individual and official capacity, SERGEANT
WOOD in his individual and official capacity,
CHIEF OF POLICE JIMMY WARREN in his
individual and official capacity, and POLICE
OFFICERS JOHN DOES 1-4,

                        DEFENDANTS.

------------------------------------------X

        Plaintiff AWILDA GOMEZ, by her attorneys, JOSEPH A.

MARIA, P.C., as and for her complaint against the

Defendants, respectfully sets forth:

## INTRODUCTION AND GENERAL ALLEGATIONS

        1.    This is an action for money damages against the

Defendants VILLAGE OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY,

POLICE OFFICER ELDRYK EBEL, POLICE OFFICER MIKE GASKER,

LIEUTENANT BARRY CAMPBELL, LIEUTENANT GABRIEL HAYES,

SERGEANT WOOD, CHIEF OF POLICE JIMMY WARREN, and POLICE

OFFICERS JOHN DOES 1-4, for committing acts under color of

law, and depriving Plaintiff of rights secured by the

Constitution and laws of the United States and the State of

New York.

2.    Upon information and belief, Defendants VILLAGE

OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY, POLICE OFFICER

ELDRYK EBEL, POLICE OFFICER MIKE GASKER, LIEUTENANT BARRY

CAMPBELL, LIEUTENANT GABRIEL HAYES, SERGEANT WOOD, and

CHIEF OF POLICE JIMMY WARREN, POLICE OFFICERS JOHN DOES 1-

4, used excessive and unnecessary force by such acts as

assaulting and intentionally pushing and throwing Plaintiff

to the ground, thereby causing physical harm, pain and

suffering, all in violation of her constitutional and civil

rights.

3.    Upon information and belief, Defendants VILLAGE

OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY, POLICE OFFICER

ELDRYK EBEL, POLICE OFFICER MIKE GASKER, LIEUTENANT BARRY

CAMPBELL, LIEUTENANT GABRIEL HAYES, SERGEANT WOOD, CHIEF OF

POLICE JIMMY WARREN, and POLICE OFFICERS JOHN DOES 1-

4, unlawfully arrested Plaintiff without probable cause,

thereby causing physical and psychological harm, pain and

suffering, all in violation of her constitutional and civil

rights.

4.     Upon information and belief, Defendant VILLAGE OF
SLEEPY HOLLOW failed to properly investigate, supervise and
discipline the actions of Defendant OFFICERS before, during
and after the assault and battery of AWILDA GOMEZ.

5.     Upon information and belief, Defendant VILLAGE OF
SLEEPY HOLLOW was negligent in training, hiring and
supervising Defendant OFFICERS, thus leading to the
unjustified arrest and excessive force.

6.     Upon information and belief, Defendant OFFICERS
had knowledge that their wrongful conduct had the tacit
authorization of the VILLAGE OF SLEEPY HOLLOW, upon
accosting AWILDA GOMEZ, who was peaceably at the Village of
Sleepy Hollow Police Department.  Shockingly, and without
provocation, reason, probable cause or any indication that
Plaintiff was a threat to her own safety or the safety of
others, said Defendant OFFICERS proceeded to use
unnecessary force, and negligently, purposefully,
intentionally, maliciously and violently pushed and threw
AWILDA GOMEZ to the ground, causing grave injuries to
AWILDA GOMEZ, which resulted in pain and suffering and the
deprivation of her rights.

7.     Plaintiff alleges that Defendants falsely
arrested AWILDA GOMEZ without probable cause, assaulted,

negligently assaulted, battered, and used excessive and unnecessary force against AWILDA GOMEZ, and negligently and intentionally restrained AWILDA GOMEZ, all in violation of her civil and constitutional rights and with great endangerment toward Plaintiff's mental, emotional and physical well-being.

8.    The Plaintiff further alleges that the Defendant VILLAGE OF SLEEPY HOLLOW had a duty to train, supervise and discipline police officers, including the Defendant OFFICERS, and was negligent in failing to properly hire, supervise and discipline the Defendant OFFICERS for their unlawful actions as described above.

JURISDICTION AND VENUE

9.    This action is brought pursuant to 42 U.S.C. § 1983 and § 1985, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343(3) and (4) and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to hear and decide any and all claims arising under state law.

10.    Venue for this action is the Southern District of New York based on Plaintiff's residence and the place where the actions complained of herein occurred.

PARTIES

11.    During all times mentioned in this complaint, Plaintiff AWILDA GOMEZ was a resident of the United States residing in the State of New York and the VILLAGE OF TARRYTOWN.

12.    The Defendant VILLAGE OF SLEEPY HOLLOW (hereinafter "VILLAGE") is a duly constituted municipal corporation having a place of business in Westchester County, New York, duly organized, governed and existing under and by virtue of the laws of the state of New York.

13.    The Defendant VILLAGE is and was the employer of the named police personnel.

14.    During all times the Defendants DETECTIVE JOSE QUINOY (hereinafter QUINOY), POLICE OFFICER ELDRYK EBEL (hereinafter EBEL), POLICE OFFICER MIKE GASKER (hereinafter GASKER), LIEUTENANT BARRY CAMPBELL (hereinafter CAMPBELL), LIEUTENANT GABRIEL HAYES (hereinafter HAYES), SERGEANT WOOD (hereinafter WOOD), CHIEF OF POLICE JIMMY WARREN (hereinafter WARREN), and POLICE OFFICERS JOHN DOES 1-4 (hereinafter JOHN DOE) (hereinafter OFFICERS

collectively), were and still are police officers in the police department, an agency of the Defendant VILLAGE, and at all times were acting in their official capacity and were employed by the Defendant VILLAGE, acting under the direction of Defendant VILLAGE.

15.    Each of the individual OFFICERS were and are police officers employed by Defendant VILLAGE and are each sued herein in their individual and official capacities.

16.    During all times mentioned in this complaint, said Defendants, and each of them, were acting individually and/or collectively under color of law, to wit, under color of the Constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the County of Westchester.

17.    During all times mentioned in this complaint, the Defendants, separately and in concert, engaged in acts and omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers

may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

18.    Each of the Defendants at all times relevant to this action had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff.  However, each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became a party to the injuries inflicted upon the Plaintiff, and acted in concert with the others to harm Plaintiff.

STATEMENT OF FACTS

19.    On or about October 17, 2006, Plaintiff AWILDA GOMEZ went to the VILLAGE OF SLEEPY HOLLOW police department located at 28 Beekman Avenue in the Village of Sleepy Hollow, County of Westchester, State of New York.

20.    Plaintiff AWILDA GOMEZ observed defendant police officers assaulting her husband, Mario Gomez.

21.    She ran into the police headquarters and asked for OFFICERS present to stop the defendants from beating her husband.

22.    The OFFICERS refused to take any action. Said actions/inactions of Defendant OFFICERS showed a blatant

disregard for Plaintiff's life, health, well being, liberty, family or rights.

23.    Defendant QUINOY caused physical harm to the Plaintiff.  He picked up Plaintiff AWILDA GOMEZ and threw her to the ground. Said actions of Defendant QUINOY showed a blatant disregard for Plaintiff's life, health, well being, liberty, family or rights.

24.    Plaintiff was treated at Phelps Memorial Hospital for medical treatment for her injuries.

25.    That on October 18, 2006, Plaintiff was falsely arrested without probable cause at the VILLAGE OF SLEEPY HOLLOW police department when she went there to pick up her husband's car.  Defendant QUINOY told the Plaintiff that he was forced to arrest her in order to cover for himself since there was now a medical record.

26.    There was no legally justifiable basis for the illegal, unlawful, negligent, and careless detention of the Plaintiff.

27.    That in the hours and days subsequent to Plaintiff's release from Defendants' custody, Plaintiff continued to suffer from the traumatic injuries inflicted by Defendants' assaultive behavior.

28.   As a result of the actions of Defendants, Plaintiff sustained serious and permanent personal injuries.

29.   On December 28, 2006, Plaintiff filed and served a Notice of Claim with the Defendant VILLAGE OF SLEEPY HOLLOW.

30.   On the 30th day of March, 2007 and on the 13th day of April, 2007, the VILLAGE OF SLEEPY HOLLOW conducted a 50-H hearing at which the Plaintiff gave testimony pursuant to the General Municipal Law.

31.   More than ninety days have passed and the Defendants have not adjusted this claim.

### AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. §1983 – EXCESSIVE USE OF FORCE

32.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 31 of this complaint with the same force and effect as though fully set forth herein.

33.   The Plaintiff, AWILDA GOMEZ'S rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983, in that Plaintiff AWILDA GOMEZ was subjected to excessive and unreasonable

force by Defendants who assaulted the Plaintiff and threw her to the ground.

34.     The concerted actions caused and resulted in the use of excessive force against the Plaintiff AWILDA GOMEZ by Defendants, including, but not limited to, Defendant OFFICERS, constituted unreasonable and excessive force by a police officer as well as abuse of process.  Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious police actions but failed to prevent same and breached their duty.

35.     The failure of each and every Defendant OFFICER to intervene in the actions of other Defendant OFFICERS contributed to the needless escalation of force against AWILDA GOMEZ and was part and parcel of the ongoing damage done to same.

36.     As a consequence of Defendants' wrongful actions, negligent behavior and violation of state and federal laws, Plaintiff was deprived of her freedom, was seriously physically injured, was subjected to great fear and terror and personal humiliation and degradation, and suffered severe physical pain and impairment, as well as mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant OFFICERS and the other Defendants.

37.    That by reason of the foregoing, Plaintiff has been damaged in an amount to be determined by the trier of fact, together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

### AS AND FOR A SECOND CAUSE OF ACTION
### False Arrest

38.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-37 of this complaint with the same force and effect as if fully set forth herein.

39.    Defendants' concerted actions, under color of law, caused plaintiff to be falsely arrested in violation of her civil rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and the Laws of the State of New York.

40.    As a result of the above, Plaintiff, AWILDA GOMEZ, suffered lost wages, damages to her reputation, incurred legal fees, suffered mental and emotional trauma, lost her enjoyment of life and was deprived of her civil rights and personal liberty as protected by the United States Constitution and applicable Federal and New York State Statutes.

41.   As a direct and proximate result of the foregoing
actions, said Defendants deprived Plaintiff of rights,
privileges and immunities secured by the Fourth, Fifth and
Fourteenth Amendments to the United States Constitution in
violation of 42 U.S.C. §1983.

42.   That by reason of the foregoing, Plaintiff has
been damaged in an amount to be determined by the trier of
fact, together with such punitive damages, costs and fees
as may be deemed just and proper by the Court.

## AS AND FOR A THIRD CAUSE OF ACTION
### False Imprisonment

43.   The Plaintiff repeats, reiterates and realleges
each and every allegation contained in paragraphs 1-42 of
this complaint with the same force and effect as if fully
set forth herein.

44.   Defendants' concerted actions, under color of
law, caused plaintiff to be falsely imprisoned in violation
of her civil rights under the Fourth, Fifth and Fourteenth
Amendments to the United States Constitution, 42 U.S.C. §
1983 and the Laws of the State of New York.

45.   As a result of the above, Plaintiff, AWILDA
GOMEZ, suffered lost wages, damages to her reputation,
incurred legal fees, suffered mental and emotional trauma,

lost her enjoyment of life and was deprived of her civil
rights and personal liberty as protected by the United
States Constitution and applicable Federal Statutes.

46.    As a direct and proximate result of the foregoing
actions, said Defendants deprived Plaintiff of rights,
privileges and immunities secured by the Fourth, Fifth and
Fourteenth Amendments to the United States Constitution in
violation of 42 U.S.C. §1983.

47.    That by reason of the foregoing, Plaintiff has
been damaged in an amount to be determined by the trier of
fact, together with such punitive damages, costs and fees
as may be deemed just and proper by the Court.

### AS AND FOR A FOURTH CAUSE OF ACTION
Malicious Prosecution

48.    The Plaintiff repeats, reiterates and realleges
each and every allegation contained in paragraphs 1-47 of
this complaint with the same force and effect as if fully
set forth herein.

49.    Defendants' concerted actions, under color of
law, caused plaintiff to be maliciously prosecuted in
violation of her civil rights under the Fourth, Fifth and
Fourteenth Amendments to the United States Constitution, 42
U.S.C. § 1983 and the Laws of the State of New York.

50.   As a result of the above, Plaintiff, AWILDA
GOMEZ, suffered lost wages, damages to her reputation,
incurred legal fees, suffered mental and emotional trauma,
lost her enjoyment of life and was deprived of her civil
rights and personal liberty as protected by the United
States Constitution and applicable Federal Statutes.

51.   As a direct and proximate result of the foregoing
actions, said Defendants deprived Plaintiff of rights,
privileges and immunities secured by the Fourth, Fifth and
Fourteenth Amendments to the United States Constitution in
violation of 42 U.S.C. §1983.

52.   That by reason of the foregoing, Plaintiff has
been damaged in an amount to be determined by the trier of
fact, together with such punitive damages, costs and fees
as may be deemed just and proper by the Court.

### AS AND FOR A FIFTH CAUSE OF ACTION
42 U.S.C. § 1983 - Municipal Violations

53.   The Plaintiff repeats, reiterates and realleges
each and every allegation contained in 1 through 52 of this
complaint with the same force and effect as though fully
set forth herein.

54.   Prior to October 17, 2006 and since, the VILLAGE
has permitted and tolerated a pattern and practice of
unjustified, unreasonable and illegal uses of force and
beatings against civilians by police officers of its police
department and illegal arrests by police officers of its
police department.  Although such beatings and illegal uses
of force were improper, the officers involved were not
prosecuted, disciplined or subjected to restraint, and such
incidents were in fact covered up with official claims that
the beatings and uses of force were justified and proper.
As a result, police officers of the VILLAGE were caused and
encouraged to believe that civilian persons could be beaten
or abused under the circumstances not requiring the use of
excessive force, and that such beating would in fact be
permitted by the VILLAGE.

55.   In addition to permitting a pattern and practice
of improper beatings and abuses of civilian persons, the
VILLAGE has failed to maintain a proper system for
investigation of all incidents of unjustified beatings and
excessive use of force by police officers.

56.   The VILLAGE has maintained a system of review of
unjustified beatings, excessive use of force, and illegal
arrests by police officers that has failed to identify the
improper brutality by police officers and failed to subject

officers who beat and/or brutalized citizens to discipline, closer supervision or restraint and who illegally arrested citizens, to the extent that it has become the custom of the VILLAGE to tolerate the improper beatings, illegal arrests and other wrongful actions by police officers.

57. Upon information and belief, specific flaws in the VILLAGE brutality review process include, but are not limited to, the following:

a. Preparing reports regarding investigations of beatings and excessive force claims as routine point-by-point justifications of the police officer's actions, regardless of whether such actions are justified;

b. Police officers investigations of beatings and other excessive force claims systematically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c. Police officers investigating beatings/excessive force claims fail to include in their reports relevant factual information which would tend to contradict

the statements of the police officers
involved;

d.   Supervisory police officers at times issue
public statements exonerating police
officers for excessive use of force and
improper beating and use of unnecessary and
excessive force before the investigation of
the incident by the police department has
been completed;

e.   Reports in brutality cases are not reviewed
for accuracy by supervisory officers.
Conclusions are frequently permitted to be
drawn on the basis of clearly incorrect or
contradictory information.

58.   The foregoing acts, omissions, systemic flaws,
policies and customs of the Defendant VILLAGE caused police
officers of its police department to believe that brutality
and other improper actions would not be aggressively,
honestly and properly investigated, with the foreseeable
result that officers would most likely use excessive force
in situations where such force is neither necessary nor
reasonable.

59.   As a direct and proximate result of the aforesaid
acts, omissions, systemic flaws, policies, practices and

customs of the Defendant VILLAGE, Defendant OFFICERS
unjustifiably struck and arrested Plaintiff, AWILDA GOMEZ,
all in violation of her civil and constitutional rights and
as a result of said acts Plaintiff has suffered from
physical injury, psychological harm, mental distress,
humiliation, embarrassment, fear and being prevented from
attending her usual duties.

60.   By permitting and assisting such a pattern of
police misconduct, the VILLAGE has acted under color of
custom and policy to condone, encourage and promote the
deprivation of AWILDA GOMEZ's rights as guaranteed under 42
U.S.C. §§ 1983 and 1985 as well as under the Fourth, Fifth
and Fourteenth Amendments of the U.S. Constitution; to wit,
the Defendant OFFICERS were encouraged by the VILLAGE to
believe that their actions against the Plaintiff would be
accepted without impunity, just as these actions have been
so accepted to date.

61.   As a consequence of Defendants' systemic
practice, pattern and custom of intentionally promoting and
supporting Officers' violations of 42 U.S.C. §§ 1983 and
1985, AWILDA GOMEZ was deprived of her freedom and
physically harmed, to the extent of which she suffered from
various injuries that required medical attention.

62.   As a proximate cause of the VILLAGE's custom and policy of supporting and effectively promoting the very same police abuses which occurred against AWILDA GOMEZ, said Plaintiff was further subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to the physical and emotional well being of the Plaintiff.

63.   The Defendant OFFICERS and VILLAGE had a duty under 42 U.S.C. §§1983 and 1985, as well as under the Fourth, Fifth and Fourteenth Amendment, New York State Law, and their own rules and regulations to prevent and cease the assault on Plaintiff, as well as a duty to investigate, supervise and discipline Defendant OFFICERS and prevent other wrongful acts that were committed against Plaintiff AWILDA GOMEZ.  Defendant OFFICERS breached said duty, by their actions and omissions as described in the preceding paragraphs.

64.   That by reason of the foregoing, Plaintiff has been damaged in an amount to be determined by the trier of fact, together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

AS AND FOR A SIXTH CAUSE OF ACTION
42 U.S.C. § 1985

65.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 64 of this complaint with the same force and effect as though fully set forth herein.

66.    Defendant OFFICERS and Defendant VILLAGE conspired to deprive AWILDA GOMEZ of her rights and jointly caused deprivation of such rights by acting in concert to unlawfully assault and falsely arrest the Plaintiff as described in paragraphs 19 through 31 of the complaint.

67.    Upon information and belief, Defendant OFFICERS knowingly acted in concert with one another to assault and injure AWILDA GOMEZ and to falsely arrest AWILDA GOMEZ.

68.    Each and every Defendant OFFICER had complicity in the physical acts perpetrated upon the person of AWILDA GOMEZ and further failed to intervene in order to prevent injury.

69.    Defendant OFFICERS, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law, and each of the Defendants separately and in concert acted willfully, knowingly, and purposefully with the specific intent to deny Plaintiff her

constitutional rights and therefore conspired to harm
Plaintiff.

70.   Said actions by Defendant OFFICERS further denied
the Plaintiff her due process and denied her the equal
protection under the law.  These rights are guaranteed to
Plaintiff by U.S.C. §§ 1983 and 1985, and the Fifth and
Fourteenth Amendments to the United States Constitution.

71.   That by reason of the foregoing, Plaintiff has
been damaged in an amount to be determined by the trier of
fact, together with such punitive damages, costs and fees
as may be deemed just and proper by the Court.

## AS AND FOR A SEVENTH CAUSE OF ACTION

72.   The Plaintiff repeats, reiterates and realleges
each and every allegation contained in paragraphs 1 through
71 of this complaint with the same force and effect as
though fully set forth herein.

73.   Defendants' concerted actions were grossly
negligent, recklessly indifferent and shocking to the
conscience in their purposeful and intentional violation of
the defendants duty of care towards Plaintiff under the
laws of the State of New York.

74.   As a result of the above, Plaintiff, AWILDA
GOMEZ, suffered lost wages, damage to her reputation,

incurred legal fees, suffered mental and emotional trauma, lost her enjoyment of life and was deprived of her civil rights and personal liberty as protected by the United States Constitution, applicable Federal statutes, and laws of the State of New York.

75.   That by reason of the foregoing, Plaintiff has been damaged in an amount to be determined by the trier of fact, together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

WHEREFORE, Plaintiff demands judgment on all causes of action against Defendants for serious and permanent physical injuries and for mental anguish resulting in mental pain and suffering, humiliation, embarrassment and otherwise degraded as a result of defendant's conduct in an amount to be determined by the trier of fact, together with costs and fees as may be deemed just and proper by the Court;

    a. Compensatory damages as a jury may determine;

    b. Punitive damages in an amount as a jury may
      determine;

    c. Attorney's fees and costs of this action to the
      Plaintiff pursuant to 42 U.S.C. §1988; and

d. Such other and further relief as this Court may deem

appropriate.


Dated: October 16, 2007
       White Plains, New York


                    Yours, etc.

                    JOSEPH A. MARIA, P.C.

                    By:_____
                    Frances Dapice Marinelli, Esq. (2152)
                    Attorneys for Plaintiff
                    301 Old Tarrytown Road
                    White Plains, New York 10603
                    (914) 684-0333
                    File #:  01-2031