2UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------X

AWILDA GOMEZ,                                07 Civ. 9296 (FPS)

        Plaintiff,
                                      **MEMORANDUM OPINION AND ORDER**
v.                                    **DENYING LETTER MOTION FOR RECUSAL**

VILLAGE OF SLEEPY HOLLOW,
DETECTIVE JOSE QUINOY in his
individual and official capacity,
POLICE OFFICER ELDRYK EBEL in his
individual and official capacity,
POLICE OFFICER MIKE GASKER in his
individual and official capacity,
LIEUTENANT BARRY CAMPBELL in his
individual and official capacity,
LIEUTENANT GABRIEL HAYES in his
individual and official capacity,
SERGEANT WOOD, in his individual
and official capacity,
CHIEF OF POLICE JIMMY WARREN in his
individual and official capacity, and
POLICE OFFICERS JOHN DOES 1-4,

        Defendants.

--------------------------------X

MARIO GOMEZ,                                 07 Civ. 9310 (FPS)

        Plaintiff,

v.

VILLAGE OF SLEEPY HOLLOW,
DETECTIVE JOSE QUINOY in his
individual and official capacity,
POLICE OFFICER ELDRYK EBEL in his
individual and official capacity,
POLICE OFFICER MIKE GASKER in his
individual and official capacity,
POLICE OFFICER RICHARD D'ALLESANDRO
in his individual and official capacity,
LIEUTENANT BARRY CAMPBELL in his
individual and official capacity,
LIEUTENANT GABRIEL HAYES in his
individual and official capacity,

CHIEF OF POLICE JIMMY WARREN in his
individual and official capacity, and
POLICE OFFICERS JOHN DOES 1-4,

        Defendants.

--------------------------------X

## I.  Procedural History

On October 17, 2007, Awilda Gomez and her husband, Mario
Gomez, filed separate civil actions against a number of defendants
including the Village of Sleepy Hollow and Detective Jose Quinoy
("Quinoy") pursuant to 42 U.S.C. § 1983 contending that the
defendants violated their constitutional rights as a result of an
incident that occurred on October 17, 2006 that resulted in the
arrest of Mario Gomez.  These civil actions were, over the ensuing
months, assigned to several district judges in the United States
District Court for the Southern District of New York and eventually
to the Honorable Stephen C. Robinson, who on May 19, 2009
consolidated these two cases.  On November 10, 2010, these
consolidated civil actions were assigned to me as a judge of the
United States District Court for the Northern District of West
Virginia sitting by designation in this Court.  At that time, there
was pending before this Court a motion to dismiss on the basis of
qualified immunity, filed by the defendants in both cases.  On July
6, 2011, I entered a memorandum decision and order in both cases
converting the motion to dismiss into a motion for summary judgment
and granting in part and denying in part defendants' motion for
summary judgment.  As a result of that memorandum decision and

order, only the Village of Sleepy Hollow and Quinoy remain as defendants. Following that memorandum decision and order, I entered a revised scheduling order, which was subsequently further amended, so that presently these civil actions are set for jury selection and trial to commence on August 20, 2012 in White Plains, New York.

## II. Recusal Issue

On April 3, 2012, I conducted a telephone conference with counsel for the parties to consider a letter request made by counsel for the defendants that the Court further modify the scheduling order and change the deadline for physical examinations of the two plaintiffs. As a result of that telephone conference, I granted the defendants' letter motion for an extension of the independent medical examination deadline and entered an amended scheduling order indicating that all other deadlines set forth in the earlier amended scheduling order of January 31, 2012 would remain unchanged and that the parties should prepare to proceed to trial on August 20, 2012 (ECF No. 60).

During the telephone conference, Joseph A. Maria, an attorney for plaintiff Awilda Gomez, indicated that he wanted to disclose that his niece is Kathleen ("Katie") Jones and that he understood that Katie Jones once served as a law clerk for me.[1] (Hr'g Tr. 10, Apr. 3, 2012.) He also indicated that his brother-in-law is Wilbur

---

[1]It should be noted that Mr. Maria is counsel for plaintiff Awilda Gomez but not plaintiff Mario Gomez in the separate but consolidated civil action.

Jones. (Hr'g Tr. 10.) Mr. Maria stated that he did not know what effect, if any, this would have but he wanted to alert the Court to these facts. At that time, I pointed out that Katie Jones, now Katie Jones Goldman, was not employed as a law clerk for me but rather served as a summer intern for me.[2] (Hr'g Tr. 10-11.) I also indicated at the hearing that Ms. Goldman now practices law in Pittsburgh, Pennsylvania. (Hr'g Tr. 11.) I further stated to Mr. Maria that I appreciated his raising the issue and that if anyone wanted to raise the issue further that should be done by a motion filed as quickly as possible. I disclosed at the hearing that I know Wilbur Jones and that while Mr. Jones is a close friend, I feel that this relationship should not matter but that the parties might have a different view. (Hr'g Tr. 11.) Mr. Maria stated that this issue arose when the Goldmans were at his home for Thanksgiving and he told them that he had a judge from West

---

[2]I have since confirmed that Katie Jones Goldman served as an uncompensated volunteer summer intern during the months of May 1993 through August 1993 while she was attending law school. By way of further disclosure, Katie Goldman's sister, Elizabeth Jones, now Elizabeth Poggi, also served as an uncompensated summer intern during the months of May through August 2001. Mr. Wilbur Jones' first wife, now deceased, is the sister of Mr. Maria's wife. Additionally, I believe that my former law firm, from which I resigned in 1990 to become a United States District Judge, represented Mr. Jones' family retail business on several matters related to that company. However, I do not believe that my former law firm (including myself) ever represented Mr. Jones or members of his family in any personal legal matters. I knew Mr. Maria's sister, the first wife of Wilbur Jones. I knew Mr. Maria's wife only briefly while she was growing up with her family in Wheeling, West Virginia prior to her marriage. I had no knowledge of this specific issue until it was raised by Mr. Maria at the April 3, 2012 telephone conference.

Virginia on a case and that Frances Marinelli or his firm has been handling the case. (Hr'g Tr. 12.) Mr. Maria said that this came to his mind and was something that should probably be disclosed. (Hr'g Tr. 12.) Mr. Maria stated that he is married to Mary Kathleen Ondrick, now Mary Maria. (Hr'g Tr. 11.)

On April 10, 2012, counsel for defendant Quinoy wrote on behalf of Quinoy, as well as co-defendant Village of Sleepy Hollow, to request that I recuse myself in this matter. The request is made pursuant to 28 U.S.C. § 455. On April 13, 2012, Frances Marinelli of Mr. Maria's law firm wrote to me expressing opposition to the request. Both of these letters are attached to this order and made a part of the record in this case.

While counsel for Quinoy (joined by counsel for the Village of Sleepy Hollow) requests recusal under 28 U.S.C. § 455, that statute has a number of subsections dealing with instances where recusal may be necessary and I believe that the only subsection that could be relevant is 28 U.S.C. § 455(a), which provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Based upon the objective standard under that subsection and the applicable case law, I do not believe that any fair-minded person possessing knowledge of all the facts could reasonably question my impartiality in these civil actions. Therefore, I must decline to recuse myself and the defendants' motion for recusal is denied.

### III.  Applicable Law

In the words of Justice Kennedy,

> [Section] 455(a) is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings.  I think all would agree that a high threshold is required to satisfy this standard.  Thus, under § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute.

Liteky v. United States, 510 U.S. 540, 557-58 (1994) (Kennedy, J., concurring).  The test is whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992). "There exists a strong presumption of a judge's impartiality, which may only be overcome by adequate proof to the contrary." Bailey v. Broder, No. 94 Civ. 2394, 1997 WL 73717, at *2 (S.D.N.Y. Feb. 20, 1997).  In fact, the United States Court of Appeals for the Second Circuit "has emphasized that a judge has a duty *not* to recuse unless the facts warrant it, and this duty is as strong as the duty to do so when warranted." Id. at *4 (citing Lovaglia, 954 F.2d at 814-15); see also Wiltshire v. Williams, No. 10 Civ. 6947, 2012 WL 899383, at *3 (S.D.N.Y. Mar. 16, 2012) ("Where the standards governing recusal are not met, 'disqualification is not optional; rather, it is prohibited.'") (quoting In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001)).  It is also well settled that a judge's

6

"acquaintance with a party, an attorney or a witness, without some factual allegation of bias or prejudice, is not sufficient to warrant recusal." Id. at *3.

IV.  Discussion

Given the above-cited case law, I find that my "relationship" with the family of Mr. Maria does not require my recusal.  As the court stated in Bailey, associations between a judge and his or her neighbors, friends, and social acquaintances, without an allegation of bias or prejudice, are not sufficient to warrant recusal. Bailey, 1997 WL 73717, at *3; see also In re Cooke, 160 B.R. 701 (Bankr. D. Conn. 1993) (denying a motion for recusal despite the fact that the judge and his wife were social acquaintances of both the debtor and the movant and the debtor's attorney had been the judge's immediate past law clerk).  Notably, my connections to Mr. Maria's family members are even more attenuated than many of the associations described in the cases above in which motions for recusal were denied.  See Bailey, 1997 WL 73717, at *7 (denying request for recusal based on judge's acquaintance with plaintiff's attorney); In re Cooke, 160 B.R. at 708-09 (denying motion to disqualify judge based on his prior social relationship with parties and on the fact that his former law clerk was acting as attorney for debtor); Wiltshire, 2012 WL 899383, at *5 (denying motion for disqualification based upon judge's previous position as an official/officer/employee of one of the defendants and former law clerk's employment with defendant).  Although the defendants

state that "there could conceivably be questions about the court's impartiality because of the relationship with an attorney's family members," there has been no direct allegation of bias or prejudice on my part made by the defendants.  Thus, the motion for recusal must be denied.

## V.   Conclusion

For the reasons stated above, the defendants' letter motion for recusal is DENIED.

DATED:    April 19, 2012        **SO ORDERED:**


                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE
                                Sitting by Designation



RUTHERFORD & CHRISTIE LLP
NEW YORK   ATLANTA

April 10, 2012

**VIA FACSIMILE (304) 233-0402**

Hon. Frederick P. Stamp
1125 Chapline Street
Wheeling, West Virginia 26003

   Re: Awilda Gomez/Mario Gomez v. Village of Sleepy Hollow and Quinoy
     U.S.D.C., Southern District of New York
     Docket Nos.: 07 CV 9296 (FPS)
          07 CV 9310 (FPS)
     <u>Our File No.: 1020.055</u>

Dear Judge Stamp:

   We represent a defendant, Jose Quinoy, in the captioned matter. We write on behalf of Officer Quinoy and the co-defendant, the Village of Sleepy Hollow, which joins in our request that your Honor recuse yourself from this matter.

   During the telephone conference on April 3rd, we learned for the first time that the niece of Joseph Maria, one of the attorneys representing a plaintiff, worked in your Honor's Chambers in Wheeling. We further learned that some of Mr. Maria's family members with whom he shared Thanksgiving are also friends with your Honor.

   Based on this new information to us, we feel that we must respectfully request that your Honor recuse yourself from this matter. Pursuant to 28 U.S.C. § 455, "the substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." <u>Apple v. Jewish Hosp. & Med. Ctr.</u>, 829 F.2d 326, 333 (2d Cir.1987); <u>see</u> <u>also</u> 28 U.S.C. §455(a). In this case, there could conceivably be questions about the court's impartiality because of the relationship with an attorney's family members. On this basis, in the interests of assuring that no questions can arise as the case proceeds, we respectfully request recusal.

369 LEXINGTON AVENUE
8TH FLOOR
NEW YORK, NY 10017-5947
T: (212) 599-5799 | F: (212) 599-5162
WWW.RUTHERFORDCHRISTIE.COM

*Hon. Frederick P. Stamp*
*Awilda Gomez/Mario Gomez v. Village of Sleepy Hollow, et al.*
*Docket Nos.:   07 CV 9296 (FPS) (GAY); 07 CV 9310 (FPS)(GAY)*
*April 10, 2012*
*Page No. 2 of 2*

Thank you for your consideration of this request.

Respectfully yours,

**RUTHERFORD & CHRISTIE, LLP**

Lewis R. Silverman (LS 9723)

LRS/hj

cc:   **Via Electronic Transmission**

Young & Bartlett, LLP
81 Main Street
White Plains, New York 10601
Attention:   Francis Xavier Young, Esq.

Law Office of Joseph A. Maria, P.C.
301 Old Tarrytown Road
White Plains, New York 10601
Attention:  Frances Dapice Marinelli, Esq.

Miranda Sambursky Slone Sklarin Verveniotis
240 Mineola Boulevard
Mineola, New York 10501
Attention:  Michael A. Miranda, Esq.

RUTHERFORD & CHRISTIE LLP

Joseph A. Maria                           **JOSEPH A. MARIA, P.C.**

                                          ATTORNEYS AT LAW ▪▪▪

Frances D. Marinelli  ·  Edward A. Frey                    301 Old Tarrytown Road
                                                        White Plains, New York 10603
                                                          Telephone: 914-684-0333
                                                          Facsimile: 914-684-9772
                                                      E-mail: JMariaPC@optonline.net

                                        April 13, 2012

  **Via fax – 304-233-0402**
Hon. Frederick P. Stamp
1125 Chapline Street
Wheeling, West Virginia 26003

              RE:   Awilda Gomez/Mario Gomez v/ Village of Sleepy Hollow and Quinoy
                    U.S.D.C., Southern District of New York
                    Docket Nos.: 07 CV 9296 (FPS)
                                 07 CV 9310 (FPS)
                    Our File No.: 01-2031

Dear Hon. Stamp:

We represent Plaintiff Awilda Gomez in the above entitled matter and hereby respond to
Defendants' request for your recusal in this matter.

It is our position that there is no reason to believe that your Honor's impartiality might
reasonably be questioned based simply on the fact that Mr. Maria's wife's niece head clerked
for you some time in the past.

We further oppose this request because we believe that the Defendants are using this
information as a ploy to delay this case even further.

                                        Very truly yours,

                                        JOSEPH A. MARIA, P.C.

                                        By:  Frances Dapice Marinelli

FDM/ram
cc:     Lewis R. Silverman, Esq.
        Rutherford & Christie, LLP

        Francis Xavier Young, Esq.
        Young & Bartlett, LLP

        Michael A. Miranda, Esq.
        Miranda Sambursky Slone Sklarin Verveniotis
        **via electronic transmission**